# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **MARCIE SMITH** | : | CASE NO: |
| c/o Minnillo Law Group Co., LPA | : | |
| 2712 Observatory Avenue | : | |
| Cincinnati, Ohio 45208 | : | JUDGE: |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **FORSYTHE FINANCE, LLC** | : | **COMPLAINT WITH JURY DEMAND** |
| 225 S. Executive Drive, Ste 250 | : | |
| Brookfield, Wisconsin 53005 | : | |
| | : | |
| and | : | |
| | : | |
| **LAW OFFICES OF TIMOTHY M. SULLIVAN** | : | |
| 18013 Cleveland Parkway, Suite 180, | : | |
| Cleveland, Ohio 44135 | : | |
| | : | |
| and | : | |
| | : | |
| **JEFFREY L. KOBERG** | : | |
| c/o Law Offices of Timothy M. Sullivan, | : | |
| 18013 Cleveland Parkway, Suite 180, | : | |
| Cleveland, Ohio 44135 | : | |
| | : | |
| and | : | |
| | : | |
| **HUNTER E. SEIDE** | : | |
| c/o Law Offices of Timothy M. Sullivan, | : | |
| 18013 Cleveland Parkway, Suite 180, | : | |
| Cleveland, Ohio 44135 | : | |
| | : | |
| Defendants. | : | |

Now comes Plaintiff, Marcie Smith, who for her complaint against the Defendants states as follows:

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

**PARTIES**

4. Plaintiff Marcie Smith is a natural person who resides in Williamsburg, Clermont County, Ohio, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Forsythe Finance, LLC ("Forsythe") is a foreign corporation and is a "debt collector" as defined in the FDCPA, 15 U.S.C. § 1692a(6), because Forsythe uses interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

6. Defendants Jeffrey L. Koberg ("Koberg") and Hunter E. Seide ("Seide") are natural persons who regularly engage in the collection of debts for others and are each considered to be a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant the Law Offices of Timothy M. Sullivan ("Sullivan") is a law firm that regularly engages in the collection of debts for others, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

8. On or around July 5, 2022, Forsythe filed a complaint in the Brown County, Ohio Municipal Court against the Plaintiff (the "Lawsuit") for the collection of a consumer debt it is purportedly owed from the Plaintiff (hereafter, the "Debt").

9. According to Forsythe's complaint, Forsythe was assigned the Debt from the original creditor, Bastion Funding OH I, LLC, a short-term lender. A copy of the Complaint is attached as Exhibit A.

10. The Debt, upon information and belief, was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5), namely a short-term personal loan.

11. Plaintiff resided in Clermont County, Ohio at the commencement of the Lawsuit and has resided there at all times relevant to this action, including at the time the Debt was incurred in August, 2017.

12. Contrary to 15 U.S.C. §1692i(a)(2), Defendants filed the Lawsuit against the Plaintiff in a county other than the county of her residence.

13. The Brown County, Ohio Municipal Court issued a show cause order in the Lawsuit on July 15, 2022 to the Defendants finding that the Plaintiff resides outside of Brown County, Ohio and requiring the Defendants to show cause as to the reasons for which the Lawsuit should have its venue in Brown County, Ohio. To date, the Defendants have failed to show cause as to the reasons for which the Lawsuit was filed in Brown County, Ohio and have not dismissed the Lawsuit. As a result, the Plaintiff has been required to incur attorney fees and costs in defending herself in an improper venue.

14. The acts and omissions by Defendants Koberg and Seide were incidental to, or of the same general nature as, the responsibilities they were authorized to perform in collecting consumer debts.

15. Defendant Sullivan is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation

of state and federal law by its employees, including but not limited to violations of the FDCPA, the Ohio Consumer Sales Practices Act and Ohio common law, in their attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 et seq.

16.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.     The foregoing acts and omissions of each and every Defendant and their agents constitute violations of the FDCPA including but not limited to 15 U.S.C. §1692i(a)(2) with respect to the Plaintiff.

18.     As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1), including damages for the emotional distress she has suffered as a result of the Defendants' errors and omissions here; statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3), from each and every Defendant herein.

### COUNT II.
### OHIO CONSUMER SALES PRACTICES ACT

19.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

20.     Plaintiff is a consumer within the meaning of the Ohio Consumer Sales Practices Act.  O.R.C. §1345.01 et seq.

21.     Defendants are suppliers covered by the Ohio Consumer Sales Practices Act. O.R.C. 1345.01 et seq.

22.     The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the Ohio Consumer Sales Practices Act including, but not limited to O.R.C. §§1345.02 and 1345.03 with respect to the Plaintiff.

WHEREFORE, Plaintiff, Marcie Smith, demands judgment against the Defendants as follows:

1) for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against each and every Defendant and for Plaintiff;

2) for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

3) for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against each and every Defendant and for Plaintiff;

4) for an award of all relief available under O.R.C. 1345.09, including without limitation actual damages, treble damages, noneconomic damages, reasonable attorney fees and costs;

5) Such other relief as the Court deems just and equitable under the premises.

Respectfully submitted,

**MINNILLO LAW GROUP Co., LPA**

/s/ Paul J. Minnillo
Paul J. Minnillo, Esq. (OH-0065744)
2712 Observatory Avenue
Cincinnati, Ohio 45208
Tel:  (513) 723-1600
Fax:  (513) 723-1620
pjm@mlg-lpa.com
Attorney for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury as to all issues so triable in this matter.

                                          /s/ Paul J. Minnillo
                                          Paul J. Minnillo, Esq. (OH-0065744)